```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JANET D. DURONCELET                          CIVIL ACTION

VERSUS                                       NO: 07-5386

OMNI HOTELS MANAGEMENT                       SECTION: J(1)
CORPORATION
```

### ORDER AND REASONS

Before the Court is Plaintiffs' **Motion for Remand (Rec. Doc. 27).** This motion, which is opposed, was set for hearing on August 6, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiffs' motion should be granted.

### Background Facts

This matter arises out of a slip and fall allegedly suffered by Plaintiff Janet Duroncelet as she was walking over a steel ventilation grate which covered the entire width of the sidewalk alongside the Omni Royal Orleans Hotel ("Hotel"). Plaintiff alleges that the grate was slippery due to the fact that the Hotel's employees spray down trash cans near and/or over the

grate.

Plaintiff filed suit in Civil District Court for the Parish of Orleans. Defendant subsequently removed pursuant to this Court's diversity jurisdiction. Prior to removal, Plaintiff filed a first supplemental and amended petition for damages adding her husband, Theophile Duroncelet, whom Plaintiff married after the accident, as an additional plaintiff. At the time of removal, Defendant had not yet been served with the amended petition.

## Discussion

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. See 28 U.S.C. 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. 1332(a)(1). A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. De Aquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 233 F.2d 880, 883 (5th Cir. 2000). When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough. De Aquilar, 47 F.3d at 1412. Alternatively, a defendant

can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount.  Id.

After a defendant has met its burden, a plaintiff must prove to a legal certainty that his recovery will not exceed the jurisdictional amount to a obtain a remand.  Id.  A defendant must do more than point to a state law that might allow a plaintiff to recover more than he pled.  Id.  The removal statutes should be strictly construed in favor of remand. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

Plaintiffs seek to remand the case for lack of subject matter jurisdiction.  The parties agree that diversity exists,[1] but disagree as to whether the matter in controversy exceeds the jurisdictional minimum of $75,000.

Plaintiffs argue that it is neither facially apparent by the original petition, nor has Defendant set forth any facts which would support its position that the amount in controversy exceeds $75,000.  Plaintiffs attach a post-removal irrevocable stipulation to this effect and waive any recovery over $75,000 (both combined and individually) in order to clarify any

---

[1] Both Plaintiffs are domiciliaries of Louisiana while Defendant is a Delaware corporation with its principal place of business in Texas.

ambiguity in their petition as to the amount in controversy.[2] Because Defendant inappropriately removed this matter necessitating the instant motion to remand, Plaintiffs further argue that attorney's fees and expenses incurred in bringing the instant motion to remand in the amount of $750 should be awarded.

In opposition, Defendant argues that federal jurisdiction is proper if, at the moment of removal, the pleadings make it apparent that the amount in controversy exceeds $75,000. According to Defendant, later revelations, admissions, and stipulations that reduce the amount in controversy to less than $75,000 do not and cannot divest the Court of jurisdiction that attached at the time of removal. See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000).

Thus, Defendant argues that at the time of removal, it was facially apparent from the petition that the amount in controversy exceeded $75,000. According to the petition, Plaintiff Janet Duroncelet has suffered, among other things: (1) past, present, and future pain and suffering; (2) past, present, and future mental anguish and anxiety; (3) past, present, and future mental and emotional pain, distress, suffering, and

---

[2] See Marcel v. Pool Co., 5 F.3d 81, 85 (5th Cir. 1993) (while a unilateral, post-removal stipulation does not deprive the removal court of jurisdiction, a post-removal stipulation or affidavit may be successful in effectuating a remand in cases in which such is used to clarify an ambiguous petition rather than to reduce the initial amount in controversy).

anguish; (4) past and future temporary or permanent disability; (5) inconvenience and loss of enjoyment of life; (6) past and future loss of earnings and loss of earning capacity; (7) past, present, and future expenses regarding medical care and treatment; and (8) loss of consortium.  Plaintiff's injuries, which include a fractured bone in her right wrist, along with a permanent leg scar, are alleged to have occurred for a year and are alleged to be continuing.[3]  Also alleged is the fact that the injuries are permanent, and that they have affected and will permanently affect Plaintiff's earnings.

In support, Defendant cites two cases involving injuries suffered by a plaintiff in which the court found that the jurisdictional amount in controversy was satisfied.  In <u>Gebbia v. Wal-Mart Stores, Inc.</u>, the plaintiff fell claiming injuries to her wrist, knee, and back resulting in disfigurement, permanent disability, medical expenses, pain, mental anguish, loss of enjoyment, lost wages, and lost earning capacity.  233 F.3d 880 (5th Cir. 2000).  In <u>Corkern v. Outback Steakhouse</u>, the plaintiff alleged injuries to his/her back, lumbar spine, and discs, resulting in claims for past and future pain, mental anguish, loss of enjoyment, disability, medical expenses, lost wages, lost earnings, and transportation costs.  No. 05-5487, 2006 WL 285994 (E.D. La. Feb. 6, 2006).

---

[3] Plaintiff also alleged she suffered a mild concussion.

Furthermore, according to Defendant, it was not until eleven months after the case was removed that Plaintiff in this case moved for a remand following several significant revelations and admissions uncovered in discovery, namely, that Plaintiff did not have any permanent scars, nor does she know if a doctor ever diagnosed her with a concussion.  In addition, Plaintiff admitted that she received a favorable performance review at work the year after the accident, and she received two annual merit salary increases since her accident.  Finally, Plaintiff's treating orthopedist testified that Plaintiff's injuries were not permanent and that she was released in April 2007.

While later revelations, admissions, and stipulations that reduce the amount in controversy to less than $75,000 do not and cannot divest the Court of jurisdiction that attached at the time of removal, at no point did jurisdiction ever attach in this case.  While Plaintiff's petition does describe injuries similar to Gebbia and Corkern, Plaintiff's actual injuries are more in line with those of the plaintiff in Simon v. Wal-Mart Stores, Inc. 196 F.3d 848 (5th Cir. 1999).  In Simon, the initial complaint alleged damages including an injured shoulder, bruises, abrasions, and unidentified medical expenses.  Id. at 850.  The court distinguished that case from other cases involving injuries of a more serious nature, determining that it was not facially apparent that the amount of damages would exceed $75,000.  Id. at

6

851.

In this case, Plaintiff's injuries as alleged in her petition include a fractured bone in her right wrist, a mild concussion, along with a permanent leg scar.  These injuries are not as severe when compared with those in Gebbia and Corkern, and as such, those cases are distinguishable.  As a result, Defendant has failed to meet its burden of showing that the amount in controversy exceeds $75,000, particularly considering that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

As for Plaintiff's request for attorneys' fees and costs in conjunction with the filing of the motion to remand, under 28 U.S.C. 1447(c), a district court has discretion to award costs and expenses, including attorney's fees, incurred as a result of the removal.  In exercising its discretion to impose such fees, courts are to consider the propriety of a defendant's removal. See Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).  In this case, any lack of federal removal jurisdiction is not so obvious as to warrant an award of attorney's fees and expenses. Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for Remand (Rec. Doc. 27)** is hereby **GRANTED;** the above-captioned action is hereby

**REMANDED** to the court from which it was removed.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorney's fees and costs is **(Rec. Doc. 27)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' **Ex Parte Motion for Leave to File Reply to Omni's Opposition to the Claimants' Motion for Remand (Rec. Doc. 43)** is hereby **DENIED.**

New Orleans, Louisiana, this 12th day of August, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE